STATE, EX REL. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MERCER, v. PENNSYLVANIA RAIL-ROAD COMPANY.

1. To an allegation by the defendants that a public road had been unused for a period of five years, and that by virtue of section .1 of the act of March 4th, 1880, it had been vacated by the written consent of the land-owners, it is not a sufficient traverse to reply that the road had always been open to travel, and is now used, as far as it can be, with the bridges removed. This allegation does not negative the defence that the road had been unused for the statutory period.

2. The word "unused," in the act of 1880, signifies abandonment by the public. Therefore an allegation that before and at the time of the passage of the act of 1880, legal proceedings were pending in the Supreme Court by the relators to compel defendants to rebuild the bridges which they had removed, and that by the wrongful refusal of the defendants to do so, the road could not be used, sufficiently negatives the averment of non-user. It shows that there had not been an abandonment of the highway, and consequently not such non-user as the statute contemplates.

3. The defendants allege that they are a foreign corporation, and therefore do not owe any duty to the state or to the relators in the premises The reply by the relators that it is the.duty of the defendants to erect the bridges, is insufficient. The relators must either demur to the sufficiency of the return in this respect, or traverse it, or reply new matter upon which the duty of the defendants rests. The allegation that it is the duty of the defendants to build the bridges is a statement of matter of law. Good pleading requires a statement of the facts upon which the duty arises.

On *mandamus.*

Argued at November Term, 1882, before Justices DEPUE and VAN SYCKEL.

For the relators, *E. W. Evans.*

For the defendants, *E. T. Green.*

The opinion of the court was delivered by

VAN SYCKEL, J. The questions involved in this case arise upon a rule to show cause why the eighth, ninth, tenth, nineteenth, twentieth, twenty-second, twenty-third, twenty-fourth and twenty-fifth paragraphs of the traverse interposed by the relators to the return of the defendants to the alternative writ of *mandamus* in this cause should not be stricken out.

Any material fact in the return may be traversed by the relator. *Rev., p.* 630, § 2.

The alternative writ of *mandamus*, under the statute, taking the place of a declaration, whatever is essential to good pleading in an ordinary action at law must be contained in substance, though it may be informal, in the writ, the return and subsequent proceedings. *Fairbank* v. *Sheridan,* 14 *Vroom* 82.

The relators allege that the railroad of the defendants crosses a public road, running from Monmouth street, in the city of Trenton, to the Sandtown road, below the grade of said public road. That in 1872 and 1873 the defendants removed the bridges over their said road at Chambers street and Hill street, and have not, as in law they are bound to do, replaced said bridges, whereby a part of said public road has become impassable.

On the 4th of March 1880, (*Pamph. L., p.* 111,) the legislature passed an act, the first section of which contains the following proviso : " Provided, nevertheless, and it is hereby further enacted, in order to save the expenses necessarily attendant both to applicants and townships, upon the vacation of roads, that whenever any road which has heretofore been laid out by the surveyors of the highways according to law, or any portion of said road, shall have been unused for public travel for a period of not less than five years, then and in such case the said road, or such portion thereof as shall have been

unused for public travel for the term aforesaid, shall be and hereby is declared to be vacated; provided the owners of the lands on both sides of said road, or of said portion thereof unused as aforesaid, shall file in the office of the clerk of the county where such road, or such portion of said road lies, their assent, in writing, to said vacation."

The defendants, in their return to the alternative *mandamus*, set up this legislation and aver that the portion of the said public road which their said railroad crosses, had been unused for public travel for a period not less than five years, and that the owners of the lands on both sides of such unused portion thereof had filed in the office of the clerk of Mercer county their assent, in writing, to the vacation thereof, and that thereby such portion of said public road was vacated.

Paragraph 8 of the traverse to this return alleges that the act of 1880 did not and would not apply to Hill street and Chambers street where they cross the tracks of the defendants, as the said streets have always been open to travel by the public since the opening of the same, and are now used by the public, as far as they can be, with the bridges so removed by the defendants as aforesaid.

The condition which authorizes vacation, by the written consent of the land-owner, under the statute, is non-user for five years. The gist of the defence is that the road had been unused for the statutory period. The fact that it was open to travel does not negative the averment of non-user. Having been duly laid out as a public road, in legal contemplation it was open to public travel until vacated in due form.

Nor is the further allegation that said streets are non-used by the public, as far as they can be with the bridges so removed, inconsistent with the defendant's answer that it had been unused for a previous period of five years.

The effect of pleading to a return is to admit that it constitutes, upon its face, a sufficient answer to the case made by the alternative writ. *High Ex. Rem.*, § 496.

The relator must demur to the sufficiency of the return or traverse the material averment of non-user.

The ninth paragraph of the traverse sets up that before and at the time of the passage of the act of 1880, legal proceedings were pending in the Supreme Court to compel the defendants to rebuild said bridges, and that, therefore, by the wrongful act of the defendants, the said public road was not and could not be used, and that said defendants cannot take advantage of such wrongful act to vacate a part of said highway, and that said alleged vacation is null and void as against the public.

The word "unused" in the act of 1880 signifies abandonment by the public. In that sense the proviso does not apply, and it could not have been intended to apply to a case where the public was asserting in the courts its right to the highway, and seeking to remove, by the aid of the law, obstructions which interfered with its actual use.

The facts alleged in this paragraph show that there was not an abandonment of the highway, and negative the averment in the return that there had been such non-user as the statute contemplates.

Many rights may be lost by non-user, which is such an absolute discontinuance of the use as affords presumption of the dereliction and extinguishment of the right. But the condition of non-user has never been held to exist while the grantee, though interrupted in his actual use and enjoyment, was in litigation to enforce the observance of his grant.

Paragraph 10 contains a sufficient traverse to the return in the statement that no part of the said public road so laid out has been unused for the period of five years, or any other period since the laying out of the same.

Paragraph 19 does not negative the non-user, and should be stricken out.

Paragraph 20 avers that said highway had not been vacated before suing out of said writ of *mandamus*, and could not be so vacated by any action on the part of said defendants, because said public highway has been constantly and continuously used by the public for public travel as far as it could be used for public travel with the bridges removed, which for-

merly spanned the same, which said removal was made by the defendants without any law or authority for so doing, and said public highway had never been vacated by law.

There is nothing in this statement which repels the assertion that at the time the act of 1880 was passed, the road had been unused for public travel for five years. The allegation that it has been continuously used by the public as far as it could be with the bridges removed, does not negative the fact of abandonment. It is immaterial what led to the non-user or abandonment by the public—whether it resulted from the unlawful act of the defendants in removing bridges or not. If the public acquiesced in the non-user for five years it was such evidence of abandonment that the right of the adjacent land-owners to free their lands from the public easement ripened, and under the statute the highway could be vacated by their written assent. This paragraph must be stricken out.

The defendants in their return set up that they, the said Pennsylvania Railroad Company, are a private corporation created by and existing under the laws of Pennsylvania, and have a legal existence within the territorial limits of the State of Pennsylvania and not elsewhere, and allege that said duty, touching the matters and things in said alternative writ set out, can and does arise and be owed to said State of New Jersey, or to said relators, only by and from corporations existing under and by virtue of the laws of the State of New Jersey.

Paragraphs 22, 23, 24 and 25 of the traverse of the relators in substance allege that it is the duty of the defendants to erect the bridges. The issue tendered in the return is that the defendants are a foreign corporation, and therefore do not owe any duty to the state or to the relators in the premises.

The relators, in reply, must either demur to the sufficiency of the return in this respect, or traverse it or reply new matter upon which the duty of the defendants rests.

The allegation that it is the duty of the defendants to build the bridges is a statement of matter of law merely. Good

pleading requires the allegation of the facts upon which the duty arises.

The four paragraphs last mentioned should also be stricken out.